TORREY *vs.* THE CAMDEN AND ATLANTIC RAILROAD COMPANY AND THE RARITAN AND DELAWARE BAY RAILROAD COMPANY.[*]

1. A suit on a written contract, for the contract price for work and labor done, if the work has been performed according to contract, or if it has not been so performed, and the party for whom it is done has dispensed with the contract in some particulars, or has accepted and used it, and the same is a substantial advantage to him, must be brought at law.

2. An injunction will not be granted, where it would cause great injury to the defendants, and might be of serious detriment to the public, without corresponding advantage to the complainant.

*Mr. C. Parker*, for complainants.

*Mr. Ashbel Green*, for defendants.

THE CHANCELLOR.

Samuel W. Torrey and William A. Torrey, the complainants, file their bill to compel the defendants to pay for a branch railroad, constructed by them for the Camden and Atlantic Railroad Company by contract, and to enjoin the Raritan and Delaware Bay company from using the branch until it is paid for. The branch road is about nine miles in length, and runs from Jackson, on the Camden and Atlantic road, to Atsion, on the Raritan and Delaware Bay

---

[*] CITED *in Scanlan* v. *Howe*, 9 *C. E. Gr.* 277.

road. The object of it was to allow continuous trains to run from the northern terminus, or any intervening point on the Raritan and Delaware Bay road, to the western terminus, or any intervening point on the Camden and Atlantic road. By an agreement between these companies, this branch was to be constructed by the Camden and Atlantic company, by contractors designated by the Raritan and Delaware Bay company, at an expense not exceeding fifteen thousand dollars per mile, including the purchase of the right of way. The cost of construction was to be paid for by applying to that purpose ten per cent. of the gross receipts of the former company out of the joint traffic on the two roads, the division of which was provided for by the same agreement, which was dated October twenty-eighth, 1861.

On the tenth day of April, 1862, the Camden and Atlantic company contracted with the complainants, who were designated for that purpose by the other company, to construct the said road for fifteen thousand dollars per mile, to be paid for by the ten per cent. of the share of the Camden company out of their joint traffic, as settled by the agreement of October, 1861. The road was to be constructed according to specifications, and was to be finished by the first day of January, 1863. The contract provided that the road, when finished, should remain the property of the complainants, and in their possession, and under their control, until paid for.

The branch was built by the complainants within the time required by the contract, but not in all things according to the specifications; and after it was built, the Raritan and Delaware Bay company, which was then controlled by the complainants who owned most of the capital stock, commenced using it for the common business of the two companies, which business, by a modification of the contract of October, 1861, was carried on by the Raritan and Delaware Bay company.

The two companies, by a subsequent modification of that agreement, changed the mode of dividing profits and abolished the monthly settlements, and thereby the complainants charge

that the gross earnings, out of which they are to be paid one tenth, cannot be ascertained.

The Raritan and Delaware Bay company made a subsequent arrangement with the complainants to pay them a certain sum periodically, but this they have ceased to pay.

The complainants pray that the defendants may be compelled to pay them for their road according to the contract price, after making deductions for deficiencies; and that they may be enjoined from using the road until paid for.

The Camden and Atlantic company, in their answer, admit the contract with the complainants, but deny that complainants have built the road according to contract, or that they have accepted the road, or have at any time used it; and answer that they have refused, and do refuse to accept or pay for it.

The Raritan and Delaware Bay company admit the contract between the companies, and with the complainants, but deny that the road was built according to contract. They admit the use of the road, which they say commenced by an understanding between the complainants and that company, when the complainants controlled said company. They state that the complainants afterwards sold their stock in said company to the shareholders, who now hold it and comprise a majority of the company, upon the representation that said branch was properly constructed and was part of the works and road of the company, and that without such understanding they would not have purchased it; that a great part of the business on said road depends upon the use of said branch, and that it would be inequitable, on part of the complainants, to enjoin the use of it. They deny that the road was built according to contract, or that the complainants have acquired the title to the right of way, or can convey it, or that the Camden company have accepted the road. They deny that the business is so conducted that the share of the Camden company cannot be ascertained according to the agreement of October, 1861, or that the ten per cent. of the complainants cannot be ascertained; and aver that the total amount

of such share of the gross receipts is eighty-one thousand dollars, and the amount that would be due to the complainants on their contract would be eight thousand one hundred dollars ; and that they, the Bay company, have paid them, on account thereof, over thirteen thousand dollars, being five thousand dollars in excess of the amount that would be due under their contract, if fulfilled.

Without considering the merits of the controversy between these parties, from the facts set forth in the pleadings, it seems to me that the claims, or either of them, made by the complainants, are not proper subjects of equity jurisdiction.

The claim against the Camden company is on a written contract for the contract price of constructing their road. If the work has been performed according to contract, or if it has not been so performed and the Camden company has dispensed with the contract in some particulars, or has accepted and used the road, and the same is a substantial advantage to them, the complainants can recover at law; and if not entitled to recover at law, they cannot recover in this court.

If they have procured the right of way, and constructed this road upon it, and the Camden company have not accepted or paid for it, the road and land upon which it is built, as between these parties, is their property; if in their possession, they can exclude the Bay company from entering on or passing over it, or maintain trespass at law; if not in their possession, and they have not let it to that company, they can, as against them, recover by ejectment the possession.

There is no occasion for a riot or dangerous force, any more than if the subject matter was a farm or a factory. And it is not one of the cases in which an injunction will be granted to restrain a mere trespass.

There is no irreparable injury done to the complainants by the use of their branch road. It is utterly useless for any other purpose. No other company can use it. The Bay company, if a recovery is had, can be compelled to pay for the use of the road, and the injury done by wearing it out, if they

do not keep it in repair. An injunction, by interrupting the traffic carried on over this branch, would not only cause a great injury to the defendants in the use of their main roads, but might be of serious detriment to the public, with no corresponding advantage to any one.

The injunction must be denied.